

# KSW&B

KANTROW SPAHT WEAVER & BLITZER
( A PROFESSIONAL LAW CORPORATION )

ATTORNEYS AT LAW
445 NORTH BOULEVARD · SUITE 300/POST OFFICE BOX 2997
BATON ROUGE, LOUISIANA 70821-2997
TELEPHONE (225) 383-4703
FAX (225) 343-0630 · (225) 343-0637
WWW.KSWB.COM

January 27, 2014

SIDNEY M. BLITZER, JR.¹
PAUL H. SPAHT
LEE C. KANTROW
JOHN C. MILLER
DAVID S. RUBIN ³
DIANE L. CROCHET
RICHARD F. ZIMMERMAN, JR.
BOB D. TUCKER
CONNELL L. ARCHEY
RANDAL J. ROBERT
W. SCOTT KEATY
JENNIFER AARON HATAWAY
JULIE M. MCCALL

JACOB M. KANTROW
LUCIE R. KANTROW
JOSHUA A. DECUIR
W. CARLOS SPAHT ³
KEITH J. FERNANDEZ
BENJAMIN J. NELSON

BYRON R. KANTROW
(1909-1997)
CARLOS G. SPAHT
(1906-2001)

GERALDINE B. WEAVER
OF COUNSEL

¹ BOARD CERTIFIED ESTATE PLANNING AND
ADMINISTRATION AND TAX LAW SPECIALIST
CERTIFIED BY THE LOUISIANA BOARD
OF LEGAL SPECIALIZATION

² BOARD CERTIFIED BUSINESS BANKRUPTCY
LAW SPECIALIST CERTIFIED BY THE
LOUISIANA BOARD OF LEGAL
SPECIALIZATION

³ ADMITTED IN LOUISIANA AND ALABAMA

Mr. William Drabble                                             *Via Email*
Looper Reed & McGraw, P.C.
1601 Elm Street, Suite 4600
Dallas, TX 75201

Re:   Southern Filter Media, LLC *v.* Timothy P. Halter
      Civil Action No.: 3:13-CV-00116-JJB-RLB, United States District Court,
      Middle District of Louisiana
      **File No: 2462.32938**

Dear Bill:

We are in receipt of your responses to SFM's First Set of Discovery. We believe those responses to be deficient in several respects. I am writing to request that you supplement those responses as requested below no later than February 3, 2014. If we do not receive appropriate answers at that time, we will file our motion to compel.

Generally, to the extent you have indicated answers or documents are being withheld to *any* response (even those that are not specifically enumerated herein) pursuant to privilege, we ask that Halter comply with FRCP 26(b)(5) and provide us with a privilege log so that we may evaluate the claimed privilege.

To the extent Halter claims as to *any* response that the answer is incomplete because certain documents are not in his possession, custody, or control, please indicate why he contends they are not in his control within the meaning of its interpretation by Louisiana federal courts and identify which party or parties have the responsive documents.

In terms of specific deficiencies, we request that you supplement your responses to the discovery requests as follows:

## INTERROGATORIES

**INTERROGATORY NO. 3:**
Please set forth the complete ownership of the business that operates as "Halter Financial Group," from the parent company (or multiple parents if it is a conglomerate) down all the way to the individual ownership level including any and all intermediary entities (those entities which

Mr. William Drabble
January 27, 2014
Page 2

are between a parent and the ultimate end of the ownership chain) as well as any affiliates. "Halter Financial Group" as used in this Interrogatory is any entity that is represented on the website http://www.halterfinancial.com. Attached as **Exhibit A** hereto is the homepage from September 20, 2013 which prominently displays at the top of the page the name "Halter Financial Group." Please further state all entities that have been a part of the chain of ownership of the enterprise known as "Halter Financial Group" (as defined herein) from 2001 to present even if you claim a specific entity or individual was not represented on the aforementioned website. To be clear, this Interrogatory seeks the complete ownership record of the business that holds itself out as "Halter Financial Group" from 2001 to present.

RESPONSE TO INTERROGATORY NO. 3:
Defendant objects to this interrogatory because it seeks information that is neither relevant to any party's claim or defense nor reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this interrogatory because it is vague and ambiguous. Moreover, Defendant objects to this interrogatory because it is overly broad and unduly burdensome.

Without waiving the foregoing objections, Halter Financial Group, L.P. operated as "Halter Financial Group" and was the entity represented on the website http://www.halterfinancial.com.from its formation in August 2005 until it filed for Chapter 7 bankruptcy relief in October 2012. Halter Financial Group, L.P.'s general partner is HFG GP, L.L.C. TPH Capital, L.P., Colhurst Capital, L.P., Rivergreen Capital, L.L.C., and Bellfield Capital, L.P. are the limited partners of Halter Financial Group, L.P. and the members of HFG GP, L.L.C. Defendant is a limited partner in TPH Capital, L.P. and owns 99.9% of its partnership interest. Defendant also owns 99% of TPH Capital, L.P.'s general partner, TPH Captial GP, L.L.C.
HFG Consulting, L.L.C. currently operates as "Halter Financial Group" and is the entity currently represented on the website http://www.halterfinancial.com.

DEFICIENCY IN RESPONSE TO INTERROGATORY NO. 3:
The information requested is clearly relevant to this matter, particularly in so far that Halter has been accused of misrepresenting the ability to pay of the guarantor in order to induce SFM to entering the take-or-pay contract. The structure of these entities and their relationship with one another goes directly to the heart of SFM's allegations. To the extent that Halter has personal knowledge, and given what we know about his involvement in these companies, he does, he is required to furnish this information. Finally, the definitions and the interrogatory itself provide enough guidance so that the information sought is clearly identifiable.

The response herein is not complete as it only details Halter Financial Group, L.P. Please provide us with a complete and proper response to the interrogatory.

INTERROGATORY NO. 4:
Please set forth the officers and/or management of the entities identified in Interrogatory

Mr. William Drabble
January 27, 2014
Page 3

3, *supra*, as well as same for Titan.

**RESPONSE TO INTERROGATORY NO. 4:**
Defendant objects to this interrogatory because it seeks information that is neither relevant to any party's claim or defense nor reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects that this interrogatory is vague and ambiguous. Moreover, Defendant objects to this interrogatory because it is overly broad and, consequently, unduly burdensome.

Without waiving the foregoing objections, HFG GP, L.L.C. is the general partner of Halter Financial Group, L.P. Defendant and David Brigante are the managers of HFG GP, L.L.C. Defendant is also the Chairman of HFG GP, L.L.C., and David Brigante is the President and Treasurer of HFG GP, L.L.C. Marat Rosenberg is the Managing Director and George Diamond is the Secretary and General Counsel.

Defendant and David Brigante are the managers of Titan Sand. Defendant is the Chairman of Titan Sand, and David Brigante is the Chief Executive Officer. Additionally, Stephen Schubarth is the President and Chief Operating Officer of Titan Sand, and Chelsea Kindred is the Secretary.

Defendant is the Chairman of Titan Proppants, and David Brigante is Titan Proppants' Chief Executive Officer and President. Stephen Schubarth is the Chief Operating Officer, and George Diamond is the Secretary.

**DEFICIENCY IN RESPONSE TO INTERROGATORY NO. 4:**
The answer to this interrogatory is deficient for many of the same reasons the answer to interrogatory 3 was deficient. The officers of these companies are clearly relevant to show knowledge of the entities by Halter and his involvement in the chain. His knowledge of the enterprise is again, one of the main issues in this case. Finally, the definitions and the interrogatory itself provide sufficient guidance so that the information sought is clearly identifiable. Please provide us with a complete and proper response to the interrogatory which includes information for all of the related entities as requested.

**INTERROGATORY NO. 6:**
Please set forth your role; title, if any; and ownership interest in all entities identified in connection with Interrogatory 3, Titan, and any entity defined herein as Halter Financial Group and its related entities.

**RESPONSE TO INTERROGATORY NO. 6:**
Defendant objects to this interrogatory because it seeks information that is neither relevant to any party's claim or defense nor reasonably calculated to lead to the discovery of admissible evidence. Moreover, Defendant objects to this interrogatory because it is overly broad and, consequently, unduly burdensome.

Without waiving the foregoing objections, Defendant is a manager and the Chairman of HFG GP, L.L.C., the general partner of Halter Financial Group, L.P. In addition, Defendant

Mr. William Drabble
January 27, 2014
Page 4

owns 99.9% of the partnership interest in TPH Capital, L.P. and 99% of the membership interest in TPH Capital, L.P.'s general partner, TPH Captial GP, L.L.C. TPH Capital, L.P. is a limited partner of Halter Financial Group, L.P., owning 39.6% of the partnership interest. TPH Capital, L.P. also owns 50% of the membership interest of HFG GP, L.L.C.

Defendant is a manager and the Chairman of Titan Sand. He is also the Chairman of Titan Proppants. Defendant owns a majority of interest of TPH Titan, L.L.C., which owns 40% of the membership interest of WLT Proppants, L.L.C. WLT Proppants, L.L.C. currently owns 74% of the membership interest in Titan Sand and 85% of the membership interest in Titan Proppants. However, WLT Proppants only owned 42.5% of the membership interest in Titan Proppants in 2011.

DEFICIENCY IN RESPONSE TO INTERROGATORY NO. 6:
This interrogatory response is deficient in the same ways as the responses to Interrogatories 3 and 4. The response is limited to certain entities even though the interrogatory is clearly seeking a complete identification. Halter's ownership of the entities which have been defined to the extent known (and are likely to be supplemented by Halter's personal knowledge) are reasonably calculated to lead to admissible evidence regarding the structure of the enterprise and Halter's knowledge thereof. We have provided you with a starting list of entities of which we are aware. Please provide us with a complete and proper response to the interrogatory.

INTERROGATORY NO. 11:
Please state whether "Halter Financial Group," as defined in Interrogatory No. 3 supra, and any of the entities defined as Halter Financial Group and its related entities are still operating as going concerns. If a given entity is still a going concern, identify the parent entity (or parents if it is a conglomerate) under which it does business.

RESPONSE TO INTERROGATORY NO. 11:
Defendant objects to this interrogatory because it seeks information that is neither relevant to any party's claim or defense nor reasonably calculated to lead to the discovery of admissible evidence. Moreover, Defendant objects to this interrogatory because it is overly broad and, consequently, unduly burdensome.

Without waiving the foregoing objections, Halter Financial Group, L.P. and HFG GP, L.L.C. filed for Chapter 7 bankruptcy relief in October 2012 and are no longer operating as going concerns. The limited partners of Halter Financial Group, L.P.—TPH Capital, L.P., Colhurst Capital, L.P., Rivergreen Capital, L.L.C., and Bellfield Capital, L.P.—are operating as going concerns.

DEFICIENCY IN RESPONSE TO INTERROGATORY NO. 11:
This interrogatory response is deficient in the same ways as the responses to Interrogatories 3, 4, and 6. Halter's knowledge of the status of "Halter Financial Group" as defined to the extent known (and are likely to be supplemented by Halter's personal knowledge in previous responses to which we have notified you are deficient) are reasonably calculated to

Mr. William Drabble
January 27, 2014
Page 5

lead to admissible evidence regarding the structure of the enterprise, Halter's knowledge thereof, and its ability to pay the take-or-pay contract. Please provide us with a complete and proper response to the interrogatory.

### INTERROGATORY NO. 15:
If you have ever filed or provided testimony in connection with a civil action, including any lawsuit, other court proceeding, administrative proceeding, or alternative dispute resolution proceeding, identify the court or tribunal where such action or proceeding was filed, the case number, a brief summary of the nature of the case, and the status of the action or proceeding.

### RESPONSE TO INTERROGATORY NO. 15:
Defendant objects to this interrogatory because it seeks information that is neither relevant to any party's claim or defense nor reasonably calculated to lead to the discovery of admissible evidence. Moreover, Defendant objects to this interrogatory because it is overly broad and, consequently, unduly burdensome.

Without waiving the foregoing objections, Defendant has testified in bankruptcy proceeding in which Halter Financial Group, L.P. acquired debtor assets. Defendant has also testified during a friend's divorce proceeding.

### DEFICIENCY IN RESPONSE TO INTERROGATORY NO. 15:
It is unclear due to the nature of the objection if this answer is complete. Further, as to the information that was actually provided, none if the information that needed to be identified—such as the court or tribunal where such action or proceeding was filed, the case number, a brief summary of the nature of the case, and the status of the action or proceeding—was provided. If the answer is complete in terms of identifying all actions in which Halter has filed or provided testimony, please state so. Supply the identifying information as requested. To the extent matters described by the interrogatory have not been listed, please list them along with the identifying information.

### INTERROGATORY NO. 19:
Please set forth all bases upon which you base your affirmative defense that Southern Filter Media's damages are as a result of its own negligent acts or omissions, including explaining how you claim comparative fault is applicable to this case. Identify specifically each act that should be evaluated in a comparative fault context.

### RESPONSE TO INTERROGATORY NO. 19:
Defendant objects to this interrogatory as premature because insufficient discovery has been conducted. Defendant also objects to this interrogatory to the extent that it requests Defendant's contention on pure issues of law.

### DEFICIENCY IN RESPONSE TO INTERROGATORY NO. 19:

Mr. William Drabble
January 27, 2014
Page 6

Your failure to answer this interrogatory at all leads one to believe that no factual basis exists for this affirmative defense. If that is the case, please state so. If there is a factual basis, please indicate it. The objection to the extent that question asks for "Defendant's contention on pure issues of law" is not a basis upon which a party can refuse to answer an interrogatory. *See* FRCP 33(a)(2). SFM is entitled to know all bases upon which Halter claims an affirmative defense. Please provide a complete and proper response. If no basis exists for this defense it should be struck.

INTERROGATORY NO. 22:
Please identify all other judicial proceedings to which you, Halter Financial Group, LP, or HFG GP, LLC have been a party, whether criminal or civil, state the name and number of the proceeding, the court in which it was or is pending, and the outcome if it is no longer pending.

RESPONSE TO INTERROGATORY NO. 22:
Defendant objects to this interrogatory because it seeks information that is neither relevant to any party's claim or defense nor reasonably calculated to lead to the discovery of admissible evidence.

Without waiving the foregoing objections, Defendant has never been a party to any criminal or civil action. Halter Financial Group, L.P. was a party to the civil action entitled *Southern Filter Media, L.L.C. v. Halter Financial Group, L.P.*, Civil Action No. 12-355-BAJ-DLD, in the United States District Court for the Middle District of Louisiana. The Court terminated that action on October 25, 2012, without prejudice to the right of the parties to reopen the proceedings. In addition, Halter Financial Group, L.P. is a party to the bankruptcy proceeding entitled *In re Halter Financial Group, L.P.*, Case No. 12-36609-SGJ, which is currently pending in the United States Bankruptcy Court for the Northern District of Texas. Furthermore, HFG GP, L.L.C. is a party to the bankruptcy proceeding entitled *In re HFG GP, L.L.C.*, Case No. 12-45783-DML, which is currently pending in the United States Bankruptcy Court for the Northern District of Texas.

DEFICIENCY IN RESPONSE TO INTERROGATORY NO. 22:
It is unclear due to the nature of the objection if this answer is complete. If the answer is complete in terms of identifying all actions in which the identified entities have been parties, please state so. To the extent matters described by the interrogatory have not been listed, please list them along with the identifying information.

INTERROGATORY NO. 29:
Please identify all of your assets and liabilities and provide values for said assets and liabilities.

RESPONSE TO INTERROGATORY NO. 29:
Defendant objects to this interrogatory because it seeks information that is neither relevant to any party's claim or defense nor reasonably calculated to lead to the discovery of

Mr. William Drabble
January 27, 2014
Page 7

admissible evidence. Defendant also objects to this interrogatory because it is unduly burdensome.

### DEFICIENCY IN RESPONSE TO INTERROGATORY NO. 29:

Your objection to this interrogatory is improper. SFM has specifically alleged that statements were made describing Halter's ability to personally pay amounts well over the amount of the take-or-pay contract. It has also been specifically alleged that this was done to induce SFM to enter the take-or-pay contract with Titan. As such, the information is relevant to the claims being made. Please provide a complete and proper response to the interrogatory.

## REQUESTS FOR PRODUCTION

### REQUEST FOR PRODUCTION NO. 2:

Produce all documents relating in any way to any lawsuit, court proceeding, or other matter identified by you in response to Interrogatories Nos. 15 and 22 above.

### RESPONSE TO REQUEST FOR PRODUCTION NO. 2:

Defendant objects to this request for production because it does not describe the documents or categories of documents to be produced with reasonable particularity. Defendant further objects to this request because it is based on responses to interrogatories to which Defendant has objected. Defendant also objects to this request because it seeks information neither relevant to any party's claim or defense nor reasonably calculated to lead to the discovery of admissible evidence. Moreover, Defendant objects to this request for production because it is overly broad and, consequently, unduly burdensome. In addition, this request for production seeks the disclosure of information subject to the attorney-client privilege and work-product privilege. Therefore, otherwise responsive documents may be withheld.

### DEFICIENCY IN RESPONSE TO REQUEST FOR PRODUCTION NO. 2:

SFM has provided you with its justifications for this information above with respect to the interrogatories referenced. Please provide the information requested.

### REQUEST FOR PRODUCTION NO. 8:

Produce and specifically identify all documents relating to the take-or-pay contract or the Guaranty which were sent to, sent by, and/or contemporaneously viewed by you personally.

### RESPONSE TO REQUEST FOR PRODUCTION NO. 8:

Defendant objects to this request for production because it does not describe the documents or categories of documents to be produced with reasonable particularity. Defendant further objects to this request because it improperly combines a request for production and interrogatory. Defendant objects to the interrogatory contained in this request for production because the number of interrogatories served by Plaintiff exceeds the maximum number permitted by Federal Rule of Civil Procedure 33(a)(1). Defendant also objects because the discovery requested impermissibly requires Defendant to create a document. Defendant further

Mr. William Drabble
January 27, 2014
Page 8

objects that this interrogatory is vague. Defendant further objects to this request in that it seeks documents not in the possession of Defendant. In addition, this request for production seeks the disclosure of information subject to the attorney-client privilege and work-product privilege. Therefore, otherwise responsive documents have been withheld.

Without waiving the foregoing objections and claims of privilege, please see the documents produced.

### DEFICIENCY IN RESPONSE TO REQUEST FOR PRODUCTION NO. 8:

It is impossible to tell from your answer whether you have complied with the request or not. Rule 34(A)(1)(a) allows a party to designate specific items to be reviewed and copied. The request asking that those documents be specifically identified is permitted under the rules. It does not call for a document (other than, obviously, the creation of your answers to this discovery), only that you reasonably identify which documents are responsive to this request. Please make the appropriate identification and supplement to the extent documents are being withheld. To the extent you claim a privilege protects certain items from production, it is impossible to determine the appropriateness of any items being withheld because you have not provided a privilege log. If any items are actually being withheld pursuant to privilege, please provide us with a privilege log as you are required to do under FRCP 26(b)(5). Please provide appropriate responses.

### REQUEST FOR PRODUCTION NO. 9:

Produce all documents and correspondence between you and Titan related to the take-or-pay contract and the Guaranty.

### RESPONSE TO REQUEST FOR PRODUCTION NO. 9:

Defendant objects to this request for production because it does not describe the documents or categories of documents to be produced with reasonable particularity. Defendant further objects to this request as duplicative of other discovery requests to which a response is contemporaneously being made. Defendant further objects to this request in that it seeks documents not in the possession of Defendant. In addition, this request for production seeks the disclosure of infounation subject to the attorney-client privilege and work-product privilege. Therefore, otherwise responsive documents have been withheld.

Without waiving the foregoing objections and claims of privilege, please see the documents produced.

### DEFICIENCY IN RESPONSE TO REQUEST FOR PRODUCTION NO. 9:

It is impossible to tell from your answer whether you have complied with the request or not. To the extent you claim a privilege protects certain items from production, it is impossible to determine the appropriateness of any items being withheld because you have not provided a privilege log. If any items are actually being withheld pursuant to privilege, please provide us with a privilege log as you are required to do under FRCP 26(b)(5). Please provide appropriate

Mr. William Drabble
January 27, 2014
Page 9

responses.

**REQUEST FOR PRODUCTION NO. 10:**
   Produce all documents and correspondence between you and Halter Financial Group and its related entities related to the take-or-pay contract and the Guaranty.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**
   Defendant objects to this request for production because it does not describe the documents or categories of documents to be produced with reasonable particularity. Defendant further objects to this request as duplicative of other discovery requests to which a response is contemporaneously being made. Defendant also objects to this request because it seeks information that is neither relevant to any party's claim or defense nor reasonably calculated to lead to the discovery of admissible evidence. Moreover, Defendant objects to this request because it is overly broad and, consequently, unduly burdensome. Defendant further objects to this request in that it seeks documents not in the possession of Defendant. In addition, this request for production seeks the disclosure of information subject to the attorney-client privilege and work-product privilege. Therefore, otherwise responsive documents have been withheld.

Without waiving the foregoing objections and claims of privilege, please see the documents produced.

**DEFICIENCY IN RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**
   It is impossible to tell from your answer whether you have complied with the request or not. Given your previous objections to identifying the companies that comprise the enterprise held out as Halter Financial Group and defined as Halter Financial Group and its related entities, we do not believe that all documents that are responsive have been produced. Please specifically inform us if this assumption is mistaken. If the assumption is correct, please provide us with all responsive documents.

   To the extent you claim others have relevant documents and Halter does not have possession, that objection is improper. Halter is required to produce all items of which he has "control." Federal courts have consistently held that documents are deemed to be within the "possession, custody or control" of a party for purposes of Rule 34 if the party has "actual possession, custody or control, or has the **legal right to obtain the documents on demand or has the practical ability to obtain the documents from a non-party to the action.**" See *Piazza's Seafood World, L.L.C. v. Odom*, CIV.A. 07-413-BAJ-CN, 2011 WL 3664437 (M.D. La. Aug. 19, 2011); *Monroe's Estate v. Bottle Rock Power Corp.*, 2004 WL 737463 (E.D.La.2004). Given that Halter has control over many of the entities implicated, he is obligated to produce the documents. Also, since correspondence between Halter and the entities is at issue, it is unlikely that he does not have sufficient control over this set of items.

   To the extent you claim Halter does not have control of any subset of documents, please

Mr. William Drabble
January 27, 2014
Page 10

explain why you contend this and identify who you claim has responsive documents so that we can procure those document from the source. To the extent you claim a privilege protects certain items from production, it is impossible to determine the appropriateness of any items being withheld because you have not provided a privilege log. If any items are actually being withheld pursuant to privilege, please provide us with a privilege log as you are required to do under FRCP 26(b)(5). Please provide a proper response to this interrogatory.

**REQUEST FOR PRODUCTION NO. 16:**
Please produce all recorded statements you may have that are related to the take-or-pay contract, including but not limited to any statements identified in Interrogatory No. 22.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**
Defendant objects to this request for production because it does not describe the documents or categories of documents to be produced with reasonable particularity. Defendant further objects to this request because it is based on the response to an interrogatory to which Defendant has objected. Defendant further objects that this request is vague and ambiguous. Defendant further objects that this request for production seeks disclosure of information subject to the work-product privilege. Therefore, otherwise responsive documents have been withheld.

**DEFICIENCY IN RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**
It is impossible to determine if you have properly responded to this request. If no such statements exist please state so. If a statement of statements do exist and are privileged please provide an privilege log as is required under FRCP 26(b)(5). Please provide us with a proper and appropriate response.

**REQUEST FOR PRODUCTION NO. 21:**
Please produce all documents that support your answer to Interrogatory No. 24 (" Please identify all bases upon which you believed that Halter Financial Group, LP was financially capable of paying in excess of $9,000,000.00 to provide a Guaranty of the take-or-pay contract. If you did not believe Halter Financial Group, L.P. was capable of doing so, please state so and identify all bases upon which you based that belief. Why did Halter Financial Group, LP agree to give the Guaranty?").

**RESPONSE TO REQUEST FOR PRODUCTION NO. 21:**
Defendant objects to this request for production because it does not describe the documents or categories of documents to be produced with reasonable particularity. Defendant further objects that this request for production seeks disclosure of information subject to the work-product privilege. Defendant further objects to this request because it is based on a response to an interrogatory to which Defendant has objected.

**DEFICIENCY IN RESPONSE TO REQUEST FOR PRODUCTION NO. 21:**
Now that you have answered Interrogatory 24, we ask that you respond in good faith to

Mr. William Drabble
January 27, 2014
Page 11


this request. As always, to the extent you are withholding documents, please comply with your obligations under FRCP 26(b)(5). Please provide an appropriate response.

**REQUEST FOR PRODUCTION NO. 23:**
Please produce all information that was available on websites for Halter Financial Group and its related entities and Titan from 2009 to present. Please delineate the time period for which the information produced is responsive.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 23:**
Defendant objects to this request for production because it does not describe the documents or categories of documents to be produced with reasonable particularity. Defendant further objects to this request because it seeks information neither relevant to any party's claim or defense nor reasonably calculated to lead to the discovery of admissible evidence. In addition, Defendant objects to this request for production because it is overly broad and, consequently, unduly burdensome. Furthermore, Defendant further objects to this request because it improperly combines a request for production and interrogatory. Defendant objects to the interrogatory contained in this request for production because the number of interrogatories served by Plaintiff exceeds the maximum number permitted by Federal Rule of Civil Procedure 33(a)(1). Moreover, Defendant objects because the discovery requested impermissibly requires Defendant to create a document. Defendant further objects to this request in that it seeks documents not in the possession of Defendant.

Without waiving the foregoing objections, please see the documents produced.

**DEFICIENCY IN RESPONSE TO REQUEST FOR PRODUCTION NO. 23:**
Your objections do not merit the selective response which you provided. Rule 34(A)(1)(a) allows a party to designate specific items to be reviewed and copied. The request asking that those documents be specifically identified and produced is permitted under the rules. It does not call for the creation of a document (other than, obviously, the creation of your answers to this discovery), only that you reasonably identify which documents are responsive to this request. Please make the appropriate identification and supplement to the extent documents are being withheld. The information is clearly relevant given that Halter and his associates directed SFM to the Halter Financial Group website for information regarding their ability to pay. Those representations are clearly relevant.

To the extent you claim others have relevant documents and Halter does not have possession, that objection is improper. Halter is required to produce all items of which he has "control." Federal courts have consistently held that documents are deemed to be within the "possession, custody or control" of a party for purposes of Rule 34 if the party has "actual possession, custody or control, or has the **legal right to obtain the documents on demand or has the practical ability to obtain the documents from a non-party to the action.**" See *Piazza's Seafood World, L.L.C. v. Odom*, CIV.A. 07-413-BAJ-CN, 2011 WL 3664437 (M.D. La. Aug. 19, 2011); *Monroe's Estate v. Bottle Rock Power Corp.*, 2004 WL 737463 (E.D.La.2004).

Mr. William Drabble
January 27, 2014
Page 12

Given that Halter has control over many of the entities implicated, he is obligated to produce the documents. Also, since correspondence between Halter and the entities is at issue, it is unlikely that he does not have sufficient control over this set of items.

To the extent you claim Halter does not have control of any subset of documents, please explain why you contend this and identify who you claim has responsive documents so that we can procure those document from the source. Please provide a proper response.

**REQUEST FOR PRODUCTION NO. 27:**
Please produce all interviews by major television, radio and print organizations and any testimony in front of a U.S. Congressional Committee you have given on the topic of international companies accessing the U.S. capital markets.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 27:**
Defendant objects to this request for production because it seeks information neither relevant to any party's claim or defense nor reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this request because it is overly broad and, consequently, unduly burdensome.

**DEFICIENCY IN RESPONSE TO REQUEST FOR PRODUCTION NO. 27:**
Your objection to this request is improper. SFM is entitled to this information so that they can properly evaluate its claims. SFM has specifically pleaded that they were directed to the Halter Financial Group website. The claim that Halter gave these interviews and testimony was specifically made on the website. SFM has the right to determine the veracity of this claim and the information contained therein could be relevant to several issues, primarily how the information bears on the truthfulness of the representations made.

Thank you in advance for your attention to this matter.

Sincerely yours,

KANTROW, SPAHT, WEAVER & BLITZER
(A PROFESSIONAL LAW CORPORATION)

By: _____
Keith J. Fernandez

KJF:blt

cc: Vic Suane (*via email only*)