UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**SOUTHERN FILTER MEDIA, LLC**                     **CIVIL ACTION**

**VERSUS**                                         **NO. 13-116-JJB-RLB**

**TIMOTHY P. HALTER**

### ORDER

Before the Court is Plaintiff Southern Filter Media, LLC's (SFM) Motion for Protective Order Quashing Depositions and Request for Expedited Consideration ("Motion"), filed on February 13, 2014. (R. Doc. 37). The depositions at issue are of Matthew D. Bryant, M. David Bryant, Jr., and Marc Stubbs (R. Doc. 37-3). The Motion is opposed (R. Doc. 41). For the reasons given below, Plaintiff's Motion is **DENIED IN PART AND GRANTED IN PART**.

**I.    BACKGROUND**

In this action, Plaintiff alleges fraud, misrepresentation and conspiracy involving the negotiation and execution of a Master Service Agreement (MSA) between SFM and Titan Sand USA, L.L.C. (Titan) and a Performance Guaranty signed by Timothy P. Halter wherein Halter Financial Group, L.P. guaranteed Titan's performance under the MSA. (R. Doc. 1). Ultimately, Titan defaulted under the terms of the MSA and declared bankruptcy. SFM made a demand upon Halter Financial Group, L.P., per the terms of the Performance Guaranty. SFM alleges that Halter informed SFM that Halter Financial Group, L.P. was a subsidiary of the Halter Financial Group and had limited assets. Approximately five months later, Halter Financial Group, L.P.

declared bankruptcy.  SFM alleges that it is owed millions of dollars under the terms of the MSA and Performance Guaranty.

In the Complaint against Timothy P. Halter, SFM alleges that certain representations were made by the defendant and other individuals affiliated with Halter Financial Group, L.P. in order to induce SFM to enter into the MSA with Titan.  SFM was told that "Halter Financial Group and Halter had the wealth to easily pay the entire MSA if necessary" and that Matthew Bryant of SFM "was directed to the Halter Financial Group's website to assure himself that Halter Financial Group was an established, capitalized entity with the resources to respond should Titan be unable to perform and that SFM could rely upon the financial strength of the Halter Financial Group to ensure that Titan performed under the long-term contract." (R. Doc. 1 at ¶ 9).  SFM alleges that "Halter actively and knowingly defrauded SFM by having Halter FG, a financial shell, sign the Performance Guaranty notwithstanding Halter's knowledge that SFM was relying upon the financial strength of the Halter Financial Group to guarantee the MSA." (R. Doc. 1 at ¶ 28).  SFM further alleges that Halter "personally conspired with Titan through its principals . . . and Halter FG to defraud SFM, knowing that Halter FG did not have the ability to perform under the Performance Guaranty as represented." (R. Doc. 1 at ¶ 29).

The Complaint was filed on February 26, 2013.  Plaintiff acknowledges that on at least three occasions the defendant has attempted to schedule depositions of individuals associated with SFM. (R. Doc. 37-1) (deposition dates were requested sometime after the court denied a motion to dismiss on July 8, 2013; requested again on or about January 6, 2014; and again in response to a letter on January 27, 2014).  The defendant has provided similar evidence of these

requests. (R. Doc. 41-2, 41-3, and 41-4). Having not been able to agree upon dates, defendant noticed the depositions to take place on February 25 and 26, 2014 at defense counsel's office.[1]

While these disputes regarding the scheduling of depositions were ongoing, the parties have also been disputing the sufficiency of defendant's discovery responses to plaintiff's written discovery requests. In response to those requests, defendant has produced over 500 pages of discovery that was a result of a search of the files of Halter Financial Group, L.P. and its general partner Halter GP, L.L.C.; Halter's own files and correspondence; and certain files of Titan that were accessible. In addition, information regarding Halter Financial Group, L.P.'s finances has also been produced. (R. Doc. 41 at 2-3). Plaintiff, unsatisfied with the sufficiency of these responses, filed a motion to compel on February 5, 2014. (R. Doc. 34).

The instant Motion was filed on February 13, 2014. Because the depositions are scheduled to take place in less than two weeks, plaintiff requested expedited consideration. In addition to seeking to quash the depositions, plaintiff asks that any depositions of these individuals be ordered to take place at plaintiff counsel's office. The basis for the motion to quash is that "SFM submits that it will be prejudiced by the taking of oral depositions prior to having an opportunity to receive and adequately review Halter's discovery responses which are the subject" of the motion to compel. (R. Doc. 37).

## II.    LAW AND ANALYSIS

Rule 26(b)(1) of the Federal Rules of Civil Procedure allows a party to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." A relevant discovery request seeks information that is "either admissible or reasonably calculated to lead to

---

[1] The cover letter asked plaintiff's counsel to inform defense counsel if they preferred that the deposition occur at plaintiff counsel's office instead. (R. Doc. 37-3). In defendant's response memorandum, defendant specifically indicates a willingness to conduct the depositions at the offices of SFM's counsel if they are made available. (R. Doc. 41 at 7).

3

the discovery of admissible evidence." *McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1484 (5th Cir. 1990) (quoting Fed. R. Civ. P. 26(b)(1)) (alterations in original). Nonetheless, a party may withhold otherwise discoverable information on the basis of privilege. Fed. R. Civ. P. 26(b)(1).

Here, the defendant seeks to depose certain witnesses affiliated with the plaintiff pursuant to Rule 30 of the Federal Rules of Civil Procedure. As set forth in the Motion, plaintiff objects to defendant proceeding with these depositions until defendant has either provided responses that plaintiff deems sufficient to plaintiff's outstanding discovery requests or the court rules on plaintiff's motion to compel.

Rule 26(d) covers the timing and sequence of discovery. Specifically, unless ordered otherwise by the court for the parties' and witnesses' convenience and in the interests of justice, "(A) methods of discovery may be used in any sequence; and (B) discovery by one party does not require any other party to delay its discovery."

Finally, Rule 26(c) provides that a party may move the court for a protective order "for good cause" in order to "protect a party or person from embarrassment, oppression, or undue burden or expense." Pursuant to Rule 26(c), the court may, among other things, forbid certain discovery or specify the terms, including the time and place, for the disclosure or discovery.

The court does not find that plaintiff has established good cause for quashing the depositions.

As set forth above, the Federal Rules of Civil Procedure specifically provide for the sequence of discovery contemplated by the defense. Put another way, there is no requirement that all disputes regarding written discovery must be resolved to a party's satisfaction before they agree to move on to other forms of discovery. As clarified by the Advisory Committee Notes to

Fed. R. Civ. P. 26(d), "[t]he principal effects of [Rule 26(d)] are first, to eliminate any fixed priority in the sequence of discovery, and second, to make clear and explicit the court's power to establish priority by an order issued in a particular case."

It is within the sound discretion of the Court to order discovery to take place in a certain sequence or to specify the time and place for such discovery to occur, should the circumstances warrant such action "for the parties' and witnesses' convenience and in the interests of justice." Fed. R. Civ. P. 26(d)(2). Courts have refused to alter the sequence of discovery where such circumstances are not present. *See*, *e.g.*, *Faulkner v. ICF Intern*, No. 07-932, 2008 WL 4534369 (M.D. La. Oct. 3, 2008) (refusing to alter sequence of depositions where defendant invoked Rule 26(d)(2) "for the purpose of either gaining a perceived tactical advantage or denying the plaintiff a perceived tactical advantage, but not 'for the parties' and witnesses' convenience and in the interest of justice.'"); *Chaney v. Kansas City S. Ry. Co.*, No. 06-3469, 2007 WL 2463311, at *2 (E.D. La. Aug. 27, 2007) (the defendant failed to make the required showing that there is a particular sequence that is convenient or in the interest of justice).

The Court does not find that any such circumstances requiring the altering of the sequence of discovery are present here. Although the Motion asserts that SFM will be prejudiced by proceeding without the additional information requested, SFM makes no showing of why SFM personnel need to review additional information and documents before testifying. Plaintiff's allegations are that the defendant and others made certain representations during the negotiation and discussions surrounding the execution of the MSA and Performance Guaranty. Consistent with these allegations, correspondence between the parties indicate that these individuals included "Matt Bryant and any other SFM representatives who attended the Baton Rouge meeting." (R. Doc. 41-2).

5

There is no reason why these individuals cannot answer questions regarding the representations that were made, what they observed, how they relied on those representations, and what actions were taken in response. Mr. Bryant has already done as much in the form of an affidavit in June of 2013, without the benefits of the discovery at issue. (R. Doc. 13-1). To the extent that these witnesses give incomplete or qualified answers due to lack of knowledge or inability to access certain information, that would serve to prejudice the defense.[2] The same risk would apply if these witnesses were provided unfamiliar documents for the first time at the deposition or otherwise asked to comment on unfamiliar matters.

For the foregoing reasons, the court finds that the plaintiff has not shown good cause required by Rule 26(c). The plaintiffs have not provided a "particular and specific demonstration of fact" that the circumstances warrant a protective order. *See In re Terra Intern, Inc.*, 134 F.3d 302, 206 (5th Cir. 1998) (district court abused its discretion by entering protective order unsupported by a "particular and specific demonstration of fact.") (quoting *United States v. Garrett*, 571 F.2d 1323, 1326 n.3 (5th Cir. 1978). More specifically, the plaintiffs have not demonstrated good cause to the court that the defendant's deposition must occur only after the production of additional documents. *See Moss. v. Blue Cross and Blue Shield of KS, Inc.*, No. 06-4105, 2007 WL 141020 (D. Kan. Jan 17, 2007) (possible avoidance of costs is insufficient good cause to warrant a protective order to withhold deposition until the conclusion of written discovery).

For the reasons set forth above, plaintiff's request for expedited consideration is **GRANTED**. Plaintiff's Motion for Protective Order asking the court to quash the depositions is

---

[2] In a telephone conference with the Court on February 14, 2014, defense counsel recognized that this was a risk they were taking in moving forward with the deposition. (R. Doc. 40).

6

**DENIED**.  The depositions are ordered to take place as noticed.  The depositions are to take place at the offices of Plaintiff's counsel unless another location is agreed upon by both parties.

Signed in Baton Rouge, Louisiana, on February 21, 2014.

                                      **RICHARD L. BOURGEOIS, JR.**
                                      **UNITED STATES MAGISTRATE JUDGE**