UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **SOUTHERN FILTER MEDIA, LLC** | **CIVIL ACTION** |
| **VERSUS** | **NO. 13-116-JJB-RLB** |
| **TIMOTHY P. HALTER** | |

### ORDER

Before the Court is Plaintiff Southern Filter Media, L.L.C.'s (SFM or Plaintiff) Second Motion to Compel Discovery Responses filed on June 2, 2014. (R. Doc. 51). On June 23, 2014, Defendant Timothy P. Halter (Halter or Defendant) filed a Response. (R. Doc. 59). For the reasons given below, Plaintiff's Motion to Compel is **GRANTED IN PART AND DENIED IN PART**.

### I.  BACKGROUND

In this action, Plaintiff alleges fraud, misrepresentation and conspiracy involving the negotiation and execution of a Master Service Agreement (MSA) between SFM and Titan Sand USA, L.L.C. (Titan) and a Performance Guaranty signed by Timothy P. Halter wherein Halter Financial Group, L.P. guaranteed Titan's performance under the MSA. (R. Doc. 1).[1] Ultimately, Titan defaulted under the terms of the MSA and declared bankruptcy. SFM made a demand upon Halter Financial Group, L.P., per the terms of the Performance Guaranty. SFM alleges that upon this demand, Halter informed SFM that Halter Financial Group, L.P. was a subsidiary of the Halter Financial Group and had limited assets. Approximately five months later, Halter

---

[1] The Performance Guaranty was signed by Halter on September 27, 2011. (R. Doc. 8-1 at 3). The MSA was entered into on September 29, 2011. (R. Doc. 1, ¶ 13).

Financial Group, L.P. declared bankruptcy. SFM alleges that it is owed millions of dollars under the terms of the MSA and Performance Guaranty.

In the Complaint against Timothy P. Halter, SFM alleges that certain representations were made by Defendant and other individuals affiliated with Halter Financial Group, L.P. in order to induce SFM to enter into the MSA with Titan. SFM was told that "Halter Financial Group and Halter had the wealth to easily pay the entire MSA if necessary" and that Matthew Bryant of SFM "was directed to the Halter Financial Group's website to assure himself that Halter Financial Group was an established, capitalized entity with the resources to respond should Titan be unable to perform and that SFM could rely upon the financial strength of the Halter Financial Group to ensure that Titan performed under the long-term contract." (R. Doc. 1 at ¶ 9). SFM alleges that "Halter actively and knowingly defrauded SFM by having Halter FG, a financial shell, sign the Performance Guaranty notwithstanding Halter's knowledge that SFM was relying upon the financial strength of the Halter Financial Group to guarantee the MSA." (R. Doc. 1 at ¶ 28). SFM further alleges that Halter "personally conspired with Titan through its principals . . . and Halter FG to defraud SFM, knowing that Halter FG did not have the ability to perform under the Performance Guaranty as represented." (R. Doc. 1 at ¶ 30).

On February 5, 2014, SFM moved to compel responses to its first set of written discovery propounded on September 20, 2013, including responses relevant to the determining whether any business entities partly owned or operated by Halter may be liable for his alleged acts. (R. Doc. 33). Among other things, on March 18, 2014, the court ordered Halter to (1) provide a breakdown of the ownership interests of the general and limited partners of Halter Financial Group, L.P.; (2) to provide the officers and management of the individual members of HFG GP, L.L.C.; (3) identify his role, title or ownership in any of 13 specific entities identified by SFM as

"Halter Financial Group and its related entities"; (4) identify his role, title or ownership in HFG Consulting, L.L.C., The Halter Group, Inc., and Halter Financial Group, Inc.; (5) identify whether any of 13 specific entities identified by SFM as "Halter Financial Group and its related entities" are going concerns. (*See* R. Doc. 44).

On March 24, 2014, SFM served its second set of Requests for Production to Halter. (R. Doc. 51-2). Defendant provided his responses on April 23, 2014. (R. Doc. 51-3).

On May 22, 2014, SFM moved for leave to untimely amend its complaint to add nine new defendants and allege that they are liable to under a single business enterprise theory. (R. Doc. 50). The court granted this motion on July 10, 2014. (R. Doc. 72). The nine new defendants are The Halter Group, Inc. d/b/a Halter Financial Group Inc.; HFG Consulting, L.L.C.; Bellfield Capital Partners, L.P.; Bellfield Capital Management, L.L.C.; River Green Capital, LLC; Colhurst Capital L.P.; Colhurst Capital GP LLC; TPH Capital, L.P.; and TPH Capital GP, LLC. (collectively, the "SBE Defendants").

In the instant Motion to Compel, SFM argues that certain responses to this second set of requests for production of documents are insufficient. In support of the Motion, SFM sets forth the discovery requests at issue, the responses by Halter, and SFM's assertions of insufficiency as to each response provided. (R. Doc. 51-1). The Motion to Compel is directed to Requests for Production numbers 1, 3, 4, 5, 6, 7, 8 and 9.

In response to the instant Motion to Compel, Halter argues, among other things, that SFM is seeking responses to requests for productions that are only relevant to SFM's single business enterprise theory of recovery, not the fraud and negligent misrepresentation allegations against Halter in the original Complaint. (R. Doc. 59). Halter claims that SFM is attempting to scour "through Halter's personal finances and records of other companies that never dealt with SFM,

3

hoping that it will uncover something helpful to its un-pled, untimely, and invalid single-business-enterprise theory." (R. Doc. 59 at 4). Halter focuses its argument on the fact that at the time SFM issued its discovery and filed its Motion to Compel, the court had not yet allowed SFM to amend its complaint and add allegations against the SBE Defendants.

## II. LAW AND ANALYSIS

Rule 26(b)(1) of the Federal Rules of Civil Procedure allows a party to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." A relevant discovery request seeks information that is "either admissible or reasonably calculated to lead to the discovery of admissible evidence." *McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1484 (5th Cir. 1990) (quoting Fed. R. Civ. P. 26(b)(1)). Nonetheless, a party may withhold otherwise discoverable information on the basis of privilege. Fed. R. Civ. P. 26(b)(1). In addition, the "district court must limit otherwise permissible discovery if it determines that 'the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of discovery in resolving the issues." *Crosby v. La. Health Serv. & Indem. Co.*, 647 F.3d 258, 264 (5th Cir. 2011) (quoting Fed. R. Civ. P. 26(2)(C)(iii)).

Rule 34 of the Federal Rules of Civil Procedure provides for the discovery of documents and tangible items. A party seeking discovery must serve a request for production on the party believed to be in possession, custody, or control of the documents or other evidence. Fed. R. Civ. P. 34(a). The request is to be in writing and must set forth, among other things, the desired items with "reasonable particularity." Fed. R. Civ. P. 34(b)(1)(A).

Rule 34 requires that a responding party produce responsive documents that are within their "possession, custody or control." Documents are deemed to be within the "possession, custody or control" of a responding party if that party either has "actual possession, custody or control" of the documents or if that party "has the legal right to obtain the documents on demand or has the practical ability to obtain the documents from a non-party to the action." *Monroe's Estate v. Bottle Rock Power Corp.*, No. 03-2682, 2004 WL 737463, at *10 (E.D. La. April 2, 2004).

If a party fails to produce documents or permit inspection as required under Rule 34, the party seeking discovery may move to compel disclosure and for appropriate sanctions under Rule 37. An "evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer or respond." Fed. R. Civ. P. 37(a)(4).

A. **Specific Discovery Requests**

1. **Request for Production No. 1**

Request for Production No. 1 seeks the production of Halter's income tax returns and W-2s, including all attachments, for the years 2008-2013. Defendant objected to this request on the ground that it seeks information neither relevant to any party's claim or defense nor reasonably calculated to lead to discovery of admissible evidence. Defendant also claims that the request is overly broad, production would be unduly burdensome, and the information is available through alternative forms of discovery.

Because Halter's tax returns are highly sensitive documents, the court will only compel production where the requesting party "demonstrates both: (1) that the tax information is 'relevant' to the subject matter of the action; and that there is a 'compelling need' for the information because the information contained in the tax returns is not 'otherwise readily

obtainable' through alternative forms of discovery, such as depositions or sworn interrogatory answers." *Bulter v. Exxon Mobile Ref. & Supply Co.*, No. 07-386, 2008 WL 4059867, at *2 (M.D. La. Aug. 28, 2008) (citing *National Gas Pipeline Co. of America*, 2 F.3d 1397, 1411 (5th Cir. 1993).

SFM claims that these documents are relevant because they are needed to establish the relationship between Halter and the SBE Defendants. As stated in the court's ruling on SFM's motion to compel Interrogatory No. 29, which sought Halter to identify and produce values for all of his assets and liabilities, "[t]here is simply no allegation that [Halter] personally guaranteed any liability or in any way made his personal finances relevant to the causes of action alleged by [SFM]" in the original Complaint. (R. Doc. 44 at 8). Halter's personal finances remain irrelevant even though the court has allowed SFM to allege claims against the SBE Defendants. Plaintiff alleges that the SBE Defendants formed a single business enterprise with Titan Sand USA, LLC, Halter Financial Group, L.P., and HFG, GP LLC, not with Halter in his individual capacity.

Furthermore, SFM has not demonstrated that it cannot readily obtain the information sought—Halter's relationship to the SBE Defendants —through other methods of discovery, such as interrogatories and deposition questions. SFM provides no supporting argument for its conclusory claim that it needs Halter's income tax records to determine what relationship Halter may have to the SBE Defendants. Indeed, SFM has sought, and the court has compelled, answers to interrogatories inquiring into Halter's relationship to the SBE Defendants.

Accordingly, **IT IS ORDERED** that Plaintiff's Motion is **DENIED** with respect to Request for Production No. 1.

2. **Request for Production No. 3**

Request for Production No. 3 seeks the production of HFG GP, LLC's income tax returns, including all attachments, for the years 2008-2013. Halter objected to this requests on the ground that it seeks information neither relevant to any party's claim or defense nor reasonably calculated to lead to discovery of admissible evidence. Halter also claims that the request is overly broad, production would be unduly burdensome, and the information is available through alternative forms of discovery. Without waiving these objections, Halter produced tax returns for HFG GP, LLC for the years 2008-2011.

SFM is now seeking production of the 2012-2013 tax returns for HFG GP, LLC. SFM argues that as the defaulting guarantor, HFG GP, LLC's financial situation after default (which occurred in 2012) is relevant to the matter.

In his Opposition, Halter represents that the 2012-2013 tax returns for HFG GP, LLC are not within his possession, custody, or control. Halter provides that HFG GP, L.L.C. filed for Chapter 7 bankruptcy on October 16, 2012 and, consequently, the bankruptcy trustee is responsible for filing its income tax returns for 2012 and 2013. Halter further represents that although he has attempted to obtain the 2012 and 2013 tax returns from the bankruptcy trustee, he has not been able to do so.

Accordingly, for the aforementioned reasons set forth in Halter's Opposition, **IT IS ORDERED** that Plaintiff's Motion is **DENIED** with respect to Request for Production No. 3.

3. **Requests for Production No. 4**

Request for Production No. 4 seeks the production of all QuickBooks (or other accounting software format) files relating to Halter Financial Group, L.P.

Halter objected to this requests on the ground that it seeks information neither relevant to any party's claim or defense nor reasonably calculated to lead to discovery of admissible evidence. Halter also claims that the request is vague, overly broad, and production would be unduly burdensome. Without waiving these objections, Halter produced print-outs of reports for Halter Financial Group, L.P. that, according to SFM, appear to have been run from QuickBooks.

SFM claims that it is entitled to the "unadultered data" in electronic format to determine the financial condition of Halter Financial Group, L.P., its relationships with Halter and the SBE Defendants, and to evaluate Halter's good faith in providing Halter Financial Group, L.P. as guarantor of the MSA. (R. Doc. 51-1 at 5-6).

In his Opposition, Halter stated that his production of Halter Financial Group, L.P.'s QuickBooks accounting records in electronic format was "delayed by software-compatibility issues." (R. Doc. 59 at 7). Halter represents that by the time he filed the Opposition, he had produced all documents in the original electronic format responsive to this request for production.

Accordingly, **IT IS ORDERED** that Plaintiff's Motion is **DENIED as MOOT** with respect to Request for Production No. 4.

### 4. Requests for Production No. 5

Request for Production No. 5 seeks the production of all QuickBooks (or other accounting software format) files relating to Halter Financial Group, Inc., which is one of the SBE Defendants. SFM claims that it is entitled to the information sought in electronic format to determine the financial conditions of Halter Financial Group, Inc. and its relationships with Halter and the other newly named defendants. (R. Doc. 51-1 at 5-6).

Halter objected to this request on the ground that it seeks information neither relevant to any party's claim or defense nor reasonably calculated to lead to discovery of admissible evidence. Halter also objects by claiming that the request is vague, overly broad, and production would be unduly burdensome. Halter argues that SFM has not made any particularized showing that it had any dealings with Halter Financial Group, Inc., which was not a party to the MSA or Guaranty. Halter further argues that the information sought is not relevant because SFM's single-business-enterprise liability theory was only proposed at the time the motion to compel was filed. (R. Doc. 59 at 8). Finally, Halter argues that the request is overly broad and unduly burdensome because SFM did not place any time limit on its request, and has essentially asked for all of Halter Financial Group, Inc.'s accounting records from its incorporation in 1995 to the present.

The court finds that the accounting records of Halter Financial Group, Inc. are relevant to SFM's claims against the SBE Defendants in the First Amended Complaint. In the interest of economy, the court require production of documents responsive to Request for Production No. 5 even though the request was not relevant at the time it was issued or the time the SFM filed its Motion to Compel. The court agrees with Halter, however, that SFM's request is broad in scope, as it does not provide a date limitation for the request. The court will, therefore, limit the requests for production to the dates for which SFM has sought tax information from Halter, i.e., 2008 through 2013. Notably, Defendant does not argue that the documents are not in his possession, custody, or control.

Accordingly, **IT IS ORDERED** that Plaintiff's Motion is **GRANTED** with respect to Request for Production Nos. 5.

### 5. Requests for Production Nos. 6, 7, and 8

Request for Production No. 6 seeks the production of all QuickBooks (or other accounting software format) files relating to Titan Sand USA, L.L.C. Request for Production Nos. 7 and 8 seek the production of all QuickBooks (or other accounting software format) files relating to Titan Proppants, L.L.C.[2]

Defendant objected to this requests on the ground that it seeks information neither relevant to any party's claim or defense nor reasonably calculated to lead to discovery of admissible evidence. Defendant also claims that the request is vague, overly broad, and production would be unduly burdensome.

As with the accounting information sought from the Halter Financial Group entities, SFM claims that it is entitled to the information sought in electronic format to determine the financial conditions of Titan Sand and Titan Proppants and its relationships with Halter and the SBE Defendants. (R. Doc. 51-1 at 6-7). SFM further claims that the information is relevant because Titan Sand defaulted under the MSA and, according to SFM, Titan Proppants was the entity that originally negotiated with SFM and originally appeared as a party to the MSA. (*Id.*).

The court concludes that the financial information for the Titan entities is relevant to the plaintiff's claims brought against Halter. The court agrees with Halter, however, that SFM's request is broad in scope, as it does not provide a date limitation for the request. The court will, therefore, limit the requests for production to the dates for which SFM has sought tax information from Halter, i.e., 2008 through 2013. Notably, Defendant does not argue that the documents are not in his possession, custody, or control.

**IT IS ORDERED** that Plaintiff's Motion is **GRANTED IN PART AND DENIED IN PART** with respect to Request for Production Nos. 6, 7, and 8. Defendant shall produce, in

---

[2] Request for Production No. 8 is duplicative of Request for Production No. 7. (R. Doc. 51-2 at 7-8).

native electronic format, all accounting software files regarding Titan Sand USA, L.L.C. and Titan Proppants, L.L.C., regardless of the accounting software format, from 2008 through 2013.

### 6. Requests for Production No. 9

Request for Production No. 9 seeks the production of all QuickBooks (or other accounting software format) files relating to HFG GP, LLC. Defendant objected to this requests on the ground that it seeks information neither relevant to any party's claim or defense nor reasonably calculated to lead to discovery of admissible evidence. Defendant also claims that the request is vague, overly broad, and production would be unduly burdensome. Without waiving these objections, Halter provided that he did not locate responsive documents and stated that "HFG GP, L.L.C. did not keep separate accounting records." (R. Doc. 51-1 at 7).

SFM argues that the response is ambiguous, particularly because Halter has produced tax records for HFG GP, L.L.C. SFM seeks either an explanation for why HFG GP, L.L.C. did not keep accounting records or, if its accounting records are commingled with another entity, production of those documents.

The court finds that Halter has unequivocally stated, both in his discovery response and Opposition, that he has no documents in his possession or control to produce in response to Request for Production No. 9. (R. Doc. 59 at 9-10). To the extent SFM seeks further explanation of this response, it should seek such information through interrogatories or deposition questions.

Accordingly, **IT IS ORDERED** that Plaintiff's Motion is **DENIED** with respect to Request for Production No. 9.

B.  **Expenses**

Under Rule 37(a)(5)(C), if a motion to compel discovery is granted in part and denied in part, a court may apportion the reasonable expenses for the motion. Because the Motion to Compel has been granted in part and denied in part, the Court has determined that the parties shall each bear their own costs in connection with the Motion.

III.  **CONCLUSION**

For the reasons set forth above, Plaintiff's Second Motion to Compel Discovery Responses filed on June 2, 2014 (R. Doc.51) is **GRANTED IN PART AND DENIED IN PART**. Defendant shall supplement its discovery responses as set forth above no later than **August 18, 2014**.

Signed in Baton Rouge, Louisiana, on August 4, 2014.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**